a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH BELL, SR., Petitioner | CIVIL ACTION NO. 1:18-CV-1383-SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Kenneth Bell, Sr. ("Bell") (#79985). Bell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Bell challenges his conviction and sentence imposed in the 9th Judicial District Court, Rapides Parish.

Because Bell's Petition (Doc. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Bell was convicted of second-degree manslaughter and sentenced to 20 years at hard labor. Bell appealed, claiming that his sentence was excessive. State v. Bell, 2012-195 (La. App. 3 Cir. 6/6/12), 91 So.3d 1279, 1280, writ denied sub nom. State ex rel. Bell v. State, 2012-2363 (La. 3/15/13), 109 So.3d 380. Bell's conviction and sentence were affirmed.

Bell filed an Application for Post-Conviction Relief on June 17, 2015, which was denied. (Doc. 11, p. 2; Doc. 13, p. 34). The appellate court denied Bell's writ application because the post-conviction application was untimely filed, and Bell did not meet any of the exceptions to the time limitation set forth in article 930.8 of the Louisiana Code of Criminal Procedure. (Doc. 13, p. 38). State v. Bell, 15-00758 (La. App. 3 Cir. 1/14/16). The Louisiana Supreme Court also denied writs because the post-conviction application was untimely filed in the district court, and Bell could not show the applicability of an exception. State ex rel. Bell v. State, 2017-1428 (La. 9/21/18), 252 So.3d 892.

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Bell did not seek review in the United States Supreme Court, so his conviction became final for AEDPA purposes on June 13, 2013, 90 days after the ruling of the Louisiana Supreme Court. 28 U.S.C. § 2254(d)(1). Bell had one year from that date within which to file a § 2254 petition. Bell's Petition was not post-marked until October 19, 2018. (Doc. 1).

Although the statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period, Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999), any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

Bell's Application for Post-Conviction Relief was filed on June 17, 2015, after the one-year limitations period of the AEDPA had expired. Therefore, Bell is not entitled to statutory tolling.

The AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Bell alleges he is entitled to equitable tolling because he was transferred from Rapides Parish to Hunt Correctional Center and RLCEE between 2013 and 2016 "without any legal court documents or transcripts, without access to competent inmate or otherwise legal assistance or reasonably adequate law libraries or materials." (Doc. 11, p. 2). However, ignorance of the law, pro se status, and separation from legal materials during prison transfers are common problems for inmates seeking post-conviction relief and do not constitute "rare and exceptional" circumstances warranting equitable tolling. Clark v. Thaler, 4:13-CV-244, 2013 WL 1943309, at *2 (N.D. Tex. May 10, 2013); Josey v. Davis, 4:15-CV-618, 2016 WL 5921825, at *2 (N.D. Tex. Oct. 11, 2016) (transfers between prisons are common problems among inmates who are trying to pursue post-conviction relief and do not support a claim for equitable tolling); Gross v. Thaler, 4:10-CV-677-A, 2010 WL 5093169, at *2 (N.D. Tex. Dec. 7, 2010) (transfers do not support a claim for equitable tolling). Additionally, prisoners have no constitutional right to either an attorney or "inmate counsel" in state post-conviction proceedings. Martinez v. Johnson, 255 F.3d 229, 239 (5th Cir. 2001). Therefore, Bell is not entitled to equitable tolling.

III. Conclusion

Because Bell's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __9th__ day of April, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge